## Kuhns, Appellant, *v.* H. C. Frick Coke Company.

*Negligence—Mines and mining—Contributory negligence—Nonsuit.*

In an action by an employee against his employer, a coal mining company, to recover damages for personal injuries, it appeared that the plaintiff had had an experience of two years in driving mules in a coal mine. At the time of the accident he was engaged in moving coal from the room in which it had been mined to the open shaft, by means of cars drawn by mules. When the cars reached a certain point on the track, they entered upon a descending grade, and it then became necessary to apply the brakes to control the speed. There was a brake at the rear end of each car. On this particular occasion plaintiff had in charge three cars loaded with coal. When the incline was reached, he applied the brake on the first car; he was somewhat delayed in applying that on the second, but accomplished it, and then stepped down to be in position to apply the brake on the third car as it passed: He stepped down on the right hand side, where there was a rapidly diminishing clearance, as the cars progressed, between the cars and the rib or wall of the entry, with the result that he was carried or pressed into a clearance of only about twelve inches, and seriously injured in consequence. On the opposite side of the track there was a clear space of a width of three feet. Plaintiff testified that he had not gone over this particular track before. He carried a lamp at the time, and could have seen the danger if he had looked ahead. *Held,* that the plaintiff was guilty of contributory negligence, and that the court committed no error in entering a nonsuit.

Argued Oct. 22, 1906. Appeal, No. 106, Oct. T., 1905, by plaintiff, from order of C. P. No. 3, Allegheny Co., Nov. T., 1903, No. 32, refusing to take off nonsuit in case of Lorenzo Kuhns v. H. C. Frick Coke Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCLUNG, J.

The facts relating to the accident are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Rody P. Marshall* and *James G. Montgomery*, for appellant, cited as to lack of contributory negligence : Woodward v. Shumpp, 120 Pa. 458 ; Lee v. Woolsey, 109 Pa. 124.

*Willis F. McCook*, for appellee, cited as to the contributory negligence on the part of the plaintiff : Haven v. Bridge Co., 151 Pa. 620.

OPINION BY MR. JUSTICE STEWART, January 7, 1907 :

The plaintiff was injured while at work in the coal mine of the defendant company, under the following circumstances. He was engaged in moving coal from the room in which it had been mined to the open shaft, by means of cars drawn by mules. When the cars reached a certain point on the track, they entered upon a descending grade, and it then became necessary to apply the brakes to control the speed. There was a brake at the rear end of each car. On this particular occasion plaintiff had in charge three cars loaded with coal. When the incline was reached, he applied the brake on the first car ; he was somewhat delayed in applying that on the second, but accomplished it, and then stepped down to be in position to apply the brake on the third car as it passed. He stepped down on the right-hand side, where there was a rapidly diminshing clearance, as the cars progressed, between the cars and the rib or wall of the entry, with the result that he was carried or pressed into a clearance of only about twelve inches, and seriously injured in consequence. On the opposite side of the track there was a clear space of a width of three feet.

The plaintiff sought to charge defendant with negligence, first, in that the clearance on the side he stepped down did not conform to the requirements of the act of May 15, 1893, relating to bituminous coal mines, providing for the lives, health, safety and welfare of persons employed therein, and, second, in that defendant failed to acquaint plaintiff with the danger of alighting on the right-hand side of the car at that point. The questions here suggested were argued at length, but do not call for present consideration, since whatever defendant's negligence may have been,—and we make no expression on this subject,—it so clearly appears from the evidence that plaintiff would not have been injured by such negligence but for his own want of care, that no recovery could have been allowed. It is admitted that on the left-hand side of the track, immediately opposite the place where the accident occurred, there was a clearance of three feet ; that this was provided as

a place of safety, and that it was adequate for the purpose. Had plaintiff stepped from the car on that side, he would not have received injury. Why did he attempt the right side when the danger there must have been apparent and obvious ? Certainly not because he was called on so suddenly to act that he had not time to think or choose. His work may have required promptness, but no such instant action as precluded deliberation and circumspection. No unusual danger confronted him. He does not pretend that he was in a state of embarrassment, nor does he say that he could not have seen the danger had he looked. His repeated statement was that he had no occasion to look. At one place in his testimony he said he could not say whether he had looked or not; that he was attending to the brakes. Such admissions, in any event, must have proved fatal to the plaintiff's case. Had he looked before he stepped down he must have seen the insufficiency of the clearance on the right. True, he says that he had not gone over this particular track before ; but this fact made it all the more necessary for him to be observant. Although it was his first trip over this route, yet he had had an experience of two years in driving in coal mines, and on this occasion carried in his hand at the time a lamp with which to guide his steps. A man may not heedlessly and recklessly encounter a danger which would have been obvious to him had he exercised his senses, even though the danger was occasioned by the neglect of another. The law expects people to exercise their senses in avoiding danger at all times. If they do not, and are injured in consequence of heedless and unnecessary exposure, the law imputes the blame to themselves, notwithstanding the negligence of another may have concurred in producing the injury. The only conclusion that a careful reading of the evidence admits of is that the plaintiff's injuries resulted directly from his own want of care, and that the nonsuit was properly directed.

Judgment affirmed.